[759 NYS2d 527]

In the Matter of ALBERT J. PIRRO, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 12, 2003

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset, for petitioner.

*Collier, Halpern, Newberg, Nolletti & Bock, LLP*, White Plains, (*Philip M. Halpern* of counsel), and *Paul, Weiss, Rifkind, Wharton & Garrison*, New York City (*Theodore V. Wells, Jr.*, of counsel), for respondent.

OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated July 3, 2001, containing one charge of professional misconduct predicated upon his conviction of serious crimes. The Special Referee sustained the charge based upon the undisputed fact of the respondent's conviction. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted a memorandum of law in which he asks that the Court consider the substantial mitigating factors present on the record in making its determination with respect to the discipline.

The charge is predicated on the respondent's criminal convictions.

An indictment was filed in the United States District Court, Southern District of New York, on or about July 22, 1999, which charged the respondent with the following federal felonies: (1) conspiracy, in violation of 18 USC § 371, (2) tax evasion (four counts), in violation of 26 USC § 7201, and (3) tax fraud (29 counts), in violation of 26 USC § 7206 (1).

On or about June 22, 2000, the respondent was found guilty, after a jury trial, of all counts. The respondent was sentenced on November 1, 2000, by the Honorable Barrington D. Parker to a term of incarceration of 29 months, followed by supervised release for a term of three years, and restitution to the Internal Revenue Service.

In view of the uncontroverted fact of the respondent's conviction of serious crimes, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent emphasizes that he was found guilty of nonviolent conduct relating solely to his personal financial affairs or to entities in which he had an interest. His misconduct did not involve the practice of law. It had no impact upon any clients or escrow funds. The respondent further points out that his offenses did not involve the failure to file tax returns, underreporting of income, or secreting assets. The respondent

maintains that his convictions relate to the propriety of deductions listed on tax returns prepared by his brother, a certified public accountant.

The respondent points to his previously unblemished record, his deep remorse, and his excellent reputation for professionalism and altruism. According to the respondent, he accepts full responsibility for his conduct, has fully cooperated with the petitioner, and has had a transformation of lifestyle and outlook as a result of his conviction. Significantly, the respondent has already been suspended on an interim basis since June 8, 2001.

Under the totality of circumstances, the respondent is suspended from the practice of law for three years, commencing immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Albert J. Pirro, Jr., is suspended from the practice of law for a period of three years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement after the expiration of that period upon furnishing satisfactory proof that during the three-year period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (3) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Albert J. Pirro, Jr., is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.